UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JOHN KEENE, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 07-250 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KEITH JUSTICE, | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs' decedent, John Michael Keene,[1] died from a gunshot wound that was allegedly inflicted by a Kentucky State Police officer on December 28, 2006. R. 1 at 3; R. 28 at 1. The plaintiffs, co-administrators of Keene's estate, filed this lawsuit on January 12, 2007. The original complaint did not name any particular officers as defendants. Rather, it named the Kentucky State Police and an "unknown officer" as the defendants. R. 1 at 1.

After receiving permission from the Court, the plaintiffs filed an amended complaint on May 7, 2008, that named Keith Justice as a defendant and alleged him to be the police officer who shot the decedent. R. 18. Defendant Justice subsequently filed a Motion to Dismiss, arguing that the claims against him could not be pursued because the statute of limitations had run before he was added as a defendant, and that the amended complaint could not relate back to the date of the original complaint so as to cure the statute of limitations problem. R. 28 at 1. The Court acknowledged that

---

[1]Some records use Keen as the last name of the decedent and the Plaintiffs, *see* R. 28 Exh. 2, while others use Keene, *see* R. 32. Since the individuals referred to by the records are known, the Court does not need to resolve this issue and will use Keene as is recorded on the electronic filing system for this court.

the statute of limitations had run prior to the filing of the amended complaint, R. 34 at 2, but it denied the motion to dismiss so that the parties could conduct limited discovery on the issue of whether the amended complaint relates back to the date of the original complaint, R. 34 at 6. At the end of this period of limited discovery, Defendant Justice filed the currently pending motion for summary judgment, in which he again argues that the amended complaint does not relate back to the date of the original complaint. R. 43. He is correct.

## ANALYSIS

Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading and, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." In short, once the statute has run, Rule 15 permits the substitution of parties for the purpose of correcting a mistaken identity, but it does not permit the addition of new parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). It is well established that the "mistaken identity" requirement is not satisfied "where the caption of an original complaint refers to 'unknown police officers' and, after expiration of the applicable limitation period, an amended complaint specifically names those officers." *Force v. City of Memphis*, No. 95-6333, 1996 WL 665609, at *3 (6th Cir. Nov. 14, 1996) (citing *Cox*, 75 F.3d at 240). This is so because "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore v.*

*Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) (citing *Cox*, 75 F.3d at 240).

Here it is clear that the plaintiffs failed to initially name Justice due to a lack of knowledge. In fact, the plaintiffs spend much of their Response to Defendant's Motion chronicling their lack of knowledge about who the shooter was. *See* R. 44. Specifically, the plaintiffs note that they did not have access to the police reports identifying the shooter and that they took out an advertisement seeking information about the shooter. *Id.* at 2. Further, the plaintiffs have failed to present any evidence that their naming of Justice was because of a mistake in identity or misnomer, and their very naming of "unknown officers" indicates their lack of knowledge rather than a misidentification. Consequently, the complaint does not relate back and thus is time-barred. *See Cox*, 75 F.3d at 240 (holding that new parties cannot be added after statute of limitations has run regardless of whether they were aware of the lawsuit).

Finally, the Court notes that the plaintiffs have asserted in passing that they did not know the identity of the shooter because of impropriety on the part of the police department. Nevertheless, the plaintiffs have submitted no evidence or argument supporting this allegation. Accordingly, the Court can only conclude that equitable tolling is not merited in this instance.

CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1)    Defendant's Motion for Summary Judgment, R. 43, is **GRANTED**.

2)    All claims stated herein against Defendant Keith Justice are **DISMISSED WITH PREJUDICE**.

3)    Any pending motions are **DENIED AS MOOT** and any previously scheduled hearings or trials are **CANCELLED**.

4)    This matter is **STRICKEN** from the Court's active docket.

This the 10th day of March, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge